UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FELICIA MURPHY, § | | |
| § | | |
| PLAINTIFF § | | |
| § | | |
| § | | |
| § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:17-cv-215 |
| § | | |
| ABA RANCH, LLC, ROBERTA § | | |
| LYNN HAWKINS, INDIVIDUALLY, § | | |
| AND STEPHEN REED, § | | |
| INDIVIDUALLY, § | | |
| § | | |
| DEFENDANTS | | |

**PLAINTIFF FELICIA MURPHY'S ORIGINAL COMPLAINT**

Plaintiff Felicia Murphy sues Defendants ABA Ranch, LLC, Roberta Lynn Hawkins, Individually, and Stephen Reed, Individually ("Defendants") and in support thereof would show as follows:

## I. PRELIMINARY STATEMENT

1.1 This is an action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"). Defendants operate an autism therapy center in Argyle, Texas. Plaintiff was a non-exempt behavioral technician employed by Defendants who was paid on an hourly basis.

1.2 Felicia Murphy started working for Defendants on October 1, 2015 and was fired in February of 2017.

1.3 Felicia Murphy brings this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.4     During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay their employees, including Felicia Murphy, for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant ABA Ranch, LLC because this entity conducts business in Texas and has entered into relationships with Felicia Murphy in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Felicia Murphy is an individual residing in Denton County, Texas.

**B.     Defendants**

3.2     Defendant ABA Ranch, LLC is a domestic Limited Liability Company formed and existing under the laws of the State of Texas and maintains and operates its principal office in Argyle, Texas.

3.3     Defendant ABA Ranch, LLC was an employer of Felicia Murphy as defined by 29 U.S.C. §203(d).

3.4     Defendant ABA Ranch, LLC can be served with process by serving its registered agent for service of process, United States Corporation Agents, Inc., at 9900 Spectrum Drive, Austin, Texas 78717.

3.5     Defendant Roberta Lynn Hawkins is an individual who resides in Denton County, Texas.

3.6     At all times relevant to this claim, Roberta Lynn Hawkins acted directly or indirectly in the interest of Defendant ABA Ranch, LLC in relation to Felicia Murphy's employment.

3.7     At all times relevant to this claim, Roberta Lynn Hawkins was substantially in control of the terms and conditions of Felicia Murphy's work.

3.8     Defendant Roberta Lynn Hawkins was an employer of Felicia Murphy as defined by 29 U.S.C. §203(d). Roberta Lynn Hawkins may be served with process at 7655 Fort Worth Drive, Argyle, Texas 76226.

3.9     Defendant Stephen Reed is an individual who resides in Denton County, Texas.

3.10    At all times relevant to this claim, Stephen Reed acted directly or indirectly in the interest of Defendant ABA Ranch, LLC in relation to Felicia Murphy's employment.

3.11    At all times relevant to this claim, Stephen Reed was substantially in control of the terms and conditions of Felicia Murphy's work.

3.12    Defendant Stephen Reed was an employer of Felicia Murphy as defined by 29 U.S.C. §203(d). Stephen Reed may be served with process at 7655 Fort Worth Drive, Argyle, Texas 76226.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant ABA Ranch, LLC had gross operating revenue in excess

of $500,000.00.

4.3     At all relevant times, Defendant ABA Ranch, LLC has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants employed "employees", including Felicia Murphy, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendant ABA Ranch, LLC has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Felicia Murphy was individually engaged in interstate commerce while performing her job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Felicia Murphy provided therapy to autistic children, including one to one therapy, as well as implementing behavior intervention plans that were put in place by a board-certified behavior analyst.

5.2     Defendants employed Felicia Murphy during the three-year period preceding the filing of this Complaint.

5.3     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.4     Defendants maintained and exercised the power to hire, fire, and discipline Felicia Murphy during her employment with Defendants.

5.5     Felicia Murphy was required to comply with Defendants' policies and procedures in performing her work during her employment with Defendants.

5.6     As Directors of Defendant ABA Ranch, LLC, Roberta Lynn Hawkins and Stephen Reed independently exercised control over the work performed by Felicia Murphy.

5.7     Roberta Lynn Hawkins and Stephen Reed are responsible for running the day-to-day operations of ABA Ranch, LLC.

5.8     Roberta Lynn Hawkins and Stephen Reed, acting directly in the interest of ABA Ranch, LLC determined the wages to be paid to Felicia Murphy.

5.9     Roberta Lynn Hawkins and Stephen Reed, acting directly in the interest of ABA Ranch, LLC determined the work to be performed by Felicia Murphy and monitored and directed Felicia Murphy's work on a regular basis.

5.10    Roberta Lynn Hawkins and Stephen Reed, acting directly in the interest of ABA Ranch, LLC determined the locations where Felicia Murphy would work.

5.11    Roberta Lynn Hawkins and Stephen Reed, acting directly in the interest of ABA Ranch, LLC determined Felicia Murphy's hours.

5.12    Roberta Lynn Hawkins and Stephen Reed, acting directly in the interest of ABA Ranch, LLC determined Felicia Murphy's conditions of employment.

5.13    Roberta Lynn Hawkins and Stephen Reed, acting directly in the interest of ABA Ranch, LLC maintained employment records on Felicia Murphy.

5.14    Roberta Lynn Hawkins and Stephen Reed, acting directly in the interest of ABA Ranch, LLC possessed and, in fact, exercised the power to hire, fire and discipline Felicia Murphy.

5.15    Felicia Murphy was a non-exempt employee under the FLSA.

5.16    Defendants paid Felicia Murphy on an hourly basis.

5.17     Felicia Murphy normally worked in excess of forty hours per week.

5.18     If Felicia Murphy worked more than forty hours in a week, she was entitled to an overtime premium for all hours worked over forty.

5.19     Felicia Murphy complained to Defendants about their failure to pay her overtime premiums.

5.20     In response, Defendants promised to compensate Ms. Murphy for such time, but they never did.

5.21     Although Felicia Murphy worked more than forty hours per week, Felicia Murphy was not paid overtime compensation for any hours worked over forty per week.

## VI.     CAUSE OF ACTION: VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

6.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2     As a non-exempt employee under the FLSA, if Felicia Murphy worked over forty hours in a workweek, she was entitled to overtime pay for these hours.

6.3     Over the course of the relevant period, Felicia Murphy routinely worked in excess of forty hours per week. Even though she worked in excess of forty hours per week, Defendants failed to pay Felicia Murphy overtime pay for any hours worked in excess of forty per week.

6.4     Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Felicia Murphy overtime compensation for all hours worked over forty per workweek.

6.5     In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Felicia Murphy.

6.6     No excuse, legal justification or exemption excuses Defendants' failure to pay Felicia

Murphy overtime compensation for hours worked over forty in a workweek.

6.7    Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

6.8    Felicia Murphy seeks all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Felicia Murphy respectfully prays that Defendants ABA Ranch, LLC, Roberta Lynn Hawkins and Stephen Reed, Individually, Individually, be cited to appear, and that, upon trial of this matter, Felicia Murphy recover the following, jointly and severally, against Defendants:

    a.    Actual damages for the full amount of Felicia Murphy's unpaid overtime compensation;

    b.    Liquidated damages in an amount equal to Felicia Murphy's unpaid overtime compensation;

    c.    Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

    d.    Pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com


ATTORNEYS FOR PLAINTIFF