**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **FELICIA MURPHY,** | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:17-cv-215** |
| | § | |
| **ABA RANCH, LLC, ROBERTA LYNN HAWKINS, INDIVIDUALLY, AND STEPHEN REED, INDIVIDUALLY,** | § § § § | |
| | § | |
| **DEFENDANTS** | | |

**<u>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to Federal Rule of Civil Procedure 55, Plaintiff Felicia Murphy ("Plaintiff") moves this Honorable Court for entry of Default Judgment against Defendant ABA Ranch, LLC ("Defendant"). In support thereof, Plaintiff would show the following:

1. Plaintiff filed this civil action on March 29, 2017 (Dkt. #1).

2. Defendant ABA Ranch, LLC was served with the Original Complaint and Summons on April 18, 2017. (Dkt. #6).

3. On June 26, 2017, Defendant ABA Ranch, LLC filed its Answer (Dkt. #9) to Plaintiff's Original Complaint.

4. On November 7, 2017, counsel for Defendants ABA Ranch, LLC, Roberta Lynn Hawkins and Stephen Reed filed an unopposed Motion to Withdraw from this matter (Dkt. #15) because Defendants could no longer pay counsel's fees. On November

21, 2017, the Court issued an Order granting defense counsel's Motion to Withdraw (Dkt. #16). In its Order, Court also ruled that Defendant ABA Ranch, LLC, "shall have thirty (30) days to obtain counsel and for counsel to make an appearance in this case" (Dkt. #16).

5. On April 24, 2018, the Court ordered Defendant ABA Ranch, LLC, to show cause in writing, no later than May 4, 2018, why the Court should not impose case-dispositive sanctions be imposed against it (Dkt. #24). The Court warned that if Defendant failed to respond to its order, the Court would strike the answer and enter default judgment against Defendant. Defendant failed to respond.

6. On May 9, 2018, the Court ordered that Defendant ABA Ranch, LLC's Answer (Dkt. #9) be stricken, and stated that if Plaintiff wished to pursue default, she should request the Clerk's Entry of Default against Defendant ABA Ranch, LLC (Dkt. #28).

7. On May 25, 2018 the Clerk of the Court entered default against Defendants. (Dkt. #42).

8. Because Defendants failed to deny the allegations in Plaintiff's Complaint, such allegations—other than allegations relating to the amount of damages—are admitted. Fed. R. Civ. P. 8(b)(6).

9. In support of Plaintiff's claim for damages, attached hereto as Exhibit 1 is the Declaration of Plaintiff Felicia Murphy which supports the following:

- Defendant ABA Ranch, LLC employed Plaintiff from approximately October 19, 2015 to February 20, 2017 as a behavioral technician.

- As an employee of Defendant, Plaintiff was paid at a rate of fifteen

dollars ($15.00) per hour for the first two months of her employment, from October 19, 2015 through December 21, 2015. During this period, Plaintiff was paid a regular hourly rate of fifteen dollars ($15.00) per hour for all hours worked. For the remainder of her employment, from December 22, 2015 through February 20, 2017, Plaintiff was paid a regular hourly rate of twenty dollars ($20.00) per hour for all hours worked, including hours worked above forty (40) per week. During her employment with Defendant, she also worked one Saturday a month for approximately five (5) hours per Saturday. Plaintiff was not paid any compensation for these Saturday shifts.

- Plaintiff would work from approximately 8:00 a.m. to 6:15 p.m. Monday through Friday. Plaintiff worked an average of 51.25 hours per week.

- For the period that Plaintiff was paid fifteen dollars ($15.00) per hour, she worked one hundred and one point twenty-five (101.25) hours of overtime (9 weeks x 11.25 overtime hours). The overtime rate of one-half times her regular rate for this period is seven dollars and fifty cents ($7.50) per hour. Multiplying the overtime rate of seven dollars and fifty cents ($7.50) by the number of overtime hours worked during this period (101.25) comes to seven hundred fifty-nine dollars and thirty-eight cents ($759.38).

- Plaintiff worked ten (10) hours of overtime during her two Saturday shifts during this period. The overtime rate of one and one-half times her regular rate for this period is twenty-two dollars and fifty cents ($22.50) per hour. Multiplying the overtime rate of twenty-two dollars and fifty cents ($22.50) by the number of overtime hours worked during this period (10) comes to two

hundred twenty-five dollars ($225.00).

- The total amount owed during this nine-week period is therefore nine hundred eighty-four dollars and 38 cents ($984.38).

- For the period wherein Plaintiff was paid twenty dollars ($20.00) per hour (December 22, 2015 through February 20, 2017, or sixty-one weeks), she worked six hundred and eighty-six point twenty-five (686.25) hours of overtime (sixty-one weeks multiplied by 11.25 hours of overtime per week). The overtime rate of one-half times her regular rate for this period is ten dollars ($10.00) per hour. Multiplying the overtime rate of ten dollars ($10.00) by the number of overtime hours worked during this period (686.25) comes to six thousand, eight hundred and sixty-two dollars and fifty cents ($6,862.50).

- Plaintiff worked seventy (70) hours of overtime during her fourteen (14) Saturday shifts for this period. The overtime rate of one and one-half times her regular rate is thirty dollars ($30.00) per hour. Multiplying the overtime rate of thirty dollars ($30.00) by the number of overtime hours worked during this period (70) equals two thousand, one hundred dollars ($2,100.00).

- The total amount owed during this sixty-one (61) week period is therefore eight thousand, nine hundred sixty-two dollars and 50 cents ($8,962.50).

- The sum of the damages Plaintiff is owed comes to a total of nine thousand, nine hundred forty-six dollars and eighty-eight cents ($9,946.88) in actual damages.

10. Plaintiff has pled that Defendant failed to make a good faith effort to comply with the FLSA and that Defendant's violations were made knowingly, willfully,

or with reckless disregard for whether its conduct complied with the requirements of the FLSA, thereby entitling Plaintiff to an award of liquidated damages.

11. Plaintiff has pled for an award of attorneys' fees and costs and is entitled to a mandatory award of attorneys' fees and costs pursuant to the Fair Labor Standards Act. 29 U.S.C. § 216(b). Attached hereto as Exhibit 2 is the Declaration of Douglas B. Welmaker attesting to the attorneys' fees and costs in this matter.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court enter default judgment against Defendant ABA Ranch, LLC on the causes of action pled in Plaintiff's Original Complaint for $9,946.88 in actual damages, $9,946.88 in liquidated damages, and $8,005.80 in attorney's fees and costs of court, for a total of $27,899.56 and for all such other and further relief to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

By /s/ Douglas B. Welmaker

Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
WELMAKER LAW, PLLC
P.O. Box 150728
Austin, TX 78715
Tel: (512) 799-2048
Fax: (512) 253-2969
E-Mail: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served upon the following in the above entitled and numbered cause this the 24th day of July 2018, in the manner indicated:

**Via Regular and CM/RRR 91 7199 9991 7030 0907 7324**

ABA Ranch, LLC
C/O Stephen Reed
7655 Fort Worth Dr.
Argyle, TX 76226

/s/ Douglas B. Welmaker
Douglas B. Welmaker