**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **FELICIA MURPHY,**<br><br>**PLAINTIFF** | § | |
| **v.** | § | **CIVIL ACTION NO. 4:17-cv-215** |
| **ABA RANCH, LLC, ROBERTA LYNN HAWKINS, INDIVIDUALLY, AND STEPHEN REED, INDIVIDUALLY,**<br><br>**DEFENDANTS** | § | |

**<u>JUDGMENT</u>**

Before the Court is a Motion for Default Judgment against Defendant ABA Ranch, LLC, filed by Plaintiff Felicia Murphy.

On March 29, 2017, Plaintiff filed an action against Defendant ABA Ranch, LLC (Dkt. #1), to recover unpaid compensation, including overtime, liquidated damages, and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Defendant ABA Ranch, LLC was served with the Original Complaint and Summons on April 18, 2017 (Dkt. #6) and filed its Answer (Dkt. #9) on June 26, 2017.

On November 7, 2017, counsel for Defendants ABA Ranch, LLC, Roberta Lynn Hawkins and Stephen Reed filed an unopposed Motion to Withdraw from this matter (Dkt. #15) because Defendants could no longer pay counsel's fees. On November 21, 2017, the Court issued an Order granting defense counsel's Motion to Withdraw (Dkt. #16). In its Order, Court also ruled that Defendant ABA Ranch, LLC, "shall have thirty (30) days to obtain counsel and for counsel to make an appearance in this case" (Dkt.

#16). On April 24, 2018, the Court ordered Defendant ABA Ranch, LLC, to show cause in writing, no later than May 4, 2018, why the Court should not impose case-dispositive sanctions be imposed against it (Dkt. #24). The Court warned that if Defendant failed to respond to its order, the Court would strike the answer and enter default judgment against Defendant. Defendant failed to respond. On May 9, 2018, the Court ordered that Defendant ABA Ranch, LLC's Answer (Dkt. #9) be stricken and stated that if Plaintiff wished to pursue default, she should request the Clerk's Entry of Default against Defendant ABA Ranch, LLC.

On May 25, 2018 the Clerk of the Court entered default against Defendants. (Dkt. #42).

Where, as here, a default occurs, pursuant to Federal Rule of Civil Procedure 55(a), the factual allegations of the complaint are taken as true. 10A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 (3d ed. 1998 and Supp.2013). According to Plaintiff's Complaint, she was employed by Defendant and Defendant was a covered entity under the Fair Labor Standards Act. Plaintiff was a nonexempt employee who regularly worked more than forty (40) hours per workweek and was not properly paid for her overtime hours.

In Plaintiff Felicia Murphy's declaration attached as Exhibit 1 to her Motion for Default Judgment, Plaintiff establishes that Defendant ABA Ranch, LLC employed her from approximately October 19, 2015 to February 20, 2017. Plaintiff establishes that as an employee of Defendant, she was paid at a rate of fifteen dollars ($15.00) per hour for the first two months of her employment, from October 19, 2015 through December 21, 2015. During this period, Plaintiff was paid a regular hourly rate of fifteen dollars

($15.00) per hour for all hours worked, including hours worked above forty (40) per week. For the remainder of her employment, from December 22, 2015 through February 20, 2017, Plaintiff was paid a regular hourly rate of twenty dollars ($20.00) per hour for all hours worked, including hours worked above forty (40) per week. During her employment with Defendant, she also worked one Saturday a month for approximately five (5) hours per Saturday. Plaintiff was not paid any compensation for these Saturday shifts.

Plaintiff establishes that she would work from approximately 8:00 a.m. to 6:15 p.m. Monday through Friday. Plaintiff worked an average of 51.25 hours per week.

Plaintiff establishes that for the period that she was paid fifteen dollars ($15.00) per hour, from October 19, 2015 through December 21, 2015, she worked one hundred and one point twenty-five (101.25) hours of overtime (9 weeks x 11.25 overtime hours). The overtime rate of one-half times her regular rate for this period is seven dollars and fifty cents ($7.50) per hour. Multiplying the overtime rate of seven dollars and fifty cents ($7.50) by the number of overtime hours worked during this period (101.25) comes to seven hundred fifty-nine dollars and thirty-eight cents ($759.38).

Plaintiff worked ten (10) hours of overtime during her two Saturday shifts during this period. The overtime rate of one and one-half times her regular rate for this period is twenty-two dollars and fifty cents ($22.50) per hour. Multiplying the overtime rate of twenty-two dollars and fifty cents ($22.50) by the number of overtime hours worked during this period (10) comes to two hundred twenty-five dollars ($225.00).

The total amount owed during this nine-week period is therefore nine hundred eighty-four dollars and 38 cents ($984.38).

Plaintiff establishes that for the period that she was paid twenty dollars ($20.00) per hour (December 22, 2015 through February 20, 2017, or sixty-one weeks), she worked six hundred and eighty-six point twenty-five (686.25) hours of overtime (61 weeks x 11.25 hours of overtime per week). The overtime rate of one-half times her regular rate for this period is ten dollars ($10.00) per hour. Multiplying the overtime rate of ten dollars ($10.00) by the number of overtime hours worked during this period (686.25) comes to six thousand, eight hundred and sixty-two dollars and fifty cents ($6,862.50).

Plaintiff worked seventy hours of overtime during her fourteen Saturday shifts during this period. The overtime rate of one and one-half times her regular rate for this period is $30.00 per hour. Multiplying the overtime rate of $30.00 by the number of overtime hours worked during this period (70) comes to two thousand, one hundred dollars ($2,100.00).

The total amount owed during this sixty-one week period is therefore eight thousand, nine hundred sixty-two dollars and 50 cents ($8,962.50).

The sum of the damages Plaintiff is owed comes to a total of nine thousand, nine hundred forty six dollars and eighty-eight cents ($9,946.88) in actual damages.

The Court finds Plaintiff's calculations of damages reasonable. Plaintiffs' Motion as to compensation is **GRANTED** in the amount of $9,946.88 in actual damages owed to Plaintiff. Judgment is hereby entered in favor of Plaintiff and against Defendant ABA Ranch, LLC.

Plaintiff seeks liquidated damages pursuant to 29 U.S.C. § 216(b), which provides that an employee may recover, in addition to her unpaid wage and overtime

compensation, an equal amount of liquidated damages for a violation of § 207. Because Defendant has not contested Plaintiff's allegations, Plaintiff's Motion as to liquidated damages is **GRANTED**, and judgment is hereby entered in favor of Plaintiff and against Defendant ABA Ranch, LLC.

Plaintiff also seeks attorneys' fees and costs of $8,005.80 pursuant to 29 U.S.C. § 216(b), which authorizes an award of attorneys' fees and costs to the prevailing plaintiff in any proceedings to enforce the provisions of the Fair Labor Standards Act. The amount sought by Plaintiff is reasonable and necessary. Plaintiff's Motion as to attorneys' fees of and costs is therefore **GRANTED**, and judgment is hereby entered in favor of Plaintiff and against Defendant ABA Ranch, LLC.

It is therefore **ORDERED, ADJUDGED, AND DECREED** that:

(1) Plaintiff Felicia Murphy has and recovers of and from Defendant ABA Ranch, LLC the principal sum of nine thousand, nine hundred forty-six dollars and eighty-eight cents ($9,946.88) in unpaid overtime compensation;

(2) Plaintiff Felicia Murphy has and recovers of and from Defendant ABA Ranch, LLC the principal sum of nine thousand, nine hundred forty-six dollars and eighty-eight cents ($9,946.88) in liquidated damages;

(3) Plaintiff Felicia Murphy has and recovers of and from Defendant ABA Ranch, LLC her reasonable and necessary attorneys' fees in the amount of eight thousand five and 80/100 dollars ($8,005.80);

(4) In the event Defendant ABA Ranch, LLC unsuccessfully argues a Motion for New Trial, Motion to Set Aside Default, or any such equivalent

motion, Plaintiff Felicia Murphy shall have and recover from Defendant reasonable attorneys' fees in the amount of four thousand dollars ($4,000.00);

(5) In the event Defendant ABA Ranch, LLC unsuccessfully appeals this matter to the United States Court of Appeals for the Fifth Circuit, Plaintiff Felicia Murphy shall have and recover from Defendant reasonable attorneys' fees in the amount of eight thousand dollars ($8,000.00); and

(6) All sums awarded above shall bear post-judgment interest at the rate of ___% per annum until paid.

All relief with regard to Defendant ABA Ranch, LLC not expressly granted herein is denied.

**SO ORDERED.**