# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| FELICIA MURPHY, | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 4:17-CV-00215 |
| v. | § | Judge Mazzant |
| | § | |
| ABA RANCH, LLC, | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Felicia Murphy's Amended Declaration in Support of Attorney's Fees and Costs and Itemized Billing Statement (Dkt. #55). Having considered the relevant pleadings and motions, the Court finds the motion should be **GRANTED**.

## BACKGROUND

On August 2, 2018, the Court granted Plaintiff's motion for default judgment, awarded Plaintiff damages, and ordered Plaintiff to submit documentation indicating the hours and billing records of time spent by her attorney on each task (Dkt. #54). On August 9, 2018, Plaintiff submitted Amended Declaration in Support of Attorney's Fees and Costs and Itemized Billing Statement in response to the Court's August 2 order (Dkt. #55).

## LEGAL STANDARD

Attorneys' fees and costs are recoverable under the FLSA. 29 U.S.C. § 216(b) (2017). Courts use the lodestar method to calculate reasonable attorney's fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). The lodestar is calculated by multiplying the number of hours an attorney spent on the case by an appropriate hourly rate. *Id.* at 502. A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–

96 n.11 (1984)).  The relevant legal community is the community where the district court sits.  *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).  The lodestar is presumptively reasonable.  *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

The party seeking attorneys' fees must present adequately recorded time records.  *Watkins*, 7 F.3d at 457.  The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented.  *Id.*  The hours remaining are those reasonably expended.  *Id.*

The Court then considers whether the circumstances warrant a lodestar adjustment.  *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).  In making any adjustment, the Court considers twelve *Johnson* factors.  *Id.*  (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).  The *Johnson* factors are:

> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id.* (citing *Johnson*, 488 F.2d at 717–19).

The most critical factor in determining reasonableness is the degree of success obtained.  *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).  "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted."  *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).  Three of the *Johnson* factors—complexity of the issues, results obtained, and preclusion of other employment—are fully reflected in the lodestar amount.  *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).  "[T]he court should give special heed to the time and labor involved, the customary fee, the amount involved and the result

obtained, and the experience, reputation and ability of counsel." *Migis*, 135 F.3d at 1047 (citation omitted).

## ANALYSIS

Plaintiff asks the Court to award it $7,337.50 in attorneys' fees. In support, Plaintiff provided the affidavit of its lead counsel, Douglas Welmaker (Dkt. #55-1), as well as an itemized billing schedule detailing Mr. Welmaker's hourly rate and time spent on each task (Dkt. #55-2).

Based on Plaintiff's itemized billing statement, the Court calculated the lodestar by multiplying the number of hours Mr. Welmaker worked, less a reasonable reduction (26.1 – 7.7 = 18.5). It then multiplied this total by Mr. Welmaker's hourly rate ($425.00) to arrive at the lodestar ($7,337.50).

Next, the Court considered the *Johnson* factors to determine whether an adjustment of the lodestar was warranted. After careful consideration, the Court finds that no adjustment of the lodestar was warranted here. The Court finds that Mr. Welmaker's fee was reasonable in light of the prevailing market rate in the community in which the Court sits and that, looking at the nature of the case in its entirety, the time and effort spent by Mr. Welmaker was fair, reasonable, and not excessive, duplicative, or unnecessary.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for attorney's fees is **GRANTED** and Defendant ABA Ranch, LLC is **ORDERED** to pay the sum of $7,337.50 in attorney's fees to Plaintiff.

**IT IS SO ORDERED.**

 **SIGNED this 29th day of August, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE